UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VOLTAGE PICTURES, LLC, | ) | CASE NO. 1:13CV465 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| | ) | |
| DOES 1-43, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

In this copyright infringement case, plaintiff, Voltage Pictures, LLC, seeks leave to conduct expedited discovery, prior to the Rule 26(f) conference, in order to identify the John Doe defendants who allegedly downloaded plaintiff's copyrighted film, "*Maximum Conviction*." (Doc. No. 6.) According to the motion, each unknown defendant "used an Internet file sharing protocol called BitTorrent to copy and reproduce the Motion Picture over the Internet." (Doc. No. 6-1 at 47.) Plaintiff further asserts that, "[d]espite [its] best efforts, each Doe can only be identified by his or her [Internet Protocol ("IP")] address[,]" and that additional initial discovery is necessary to discover the identity of each unknown Doe. (*Id.*) Specifically, plaintiff seeks leave to pursue discovery from each Doe's Internet Service Provider ("ISP") to identify the Doe's name and contact information. (*Id*. at 53.) For the reasons that follow, plaintiff's motion is granted.

**I.  BACKGROUND**

While the Internet has placed an enormous amount of information at the user's fingertips, it has also become an unwitting accomplice in the infringement of copyrighted films and music. In recent years, district courts have been inundated with lawsuits alleging that peer-to-peer communication protocols, such as BitTorrent, have been used to unlawfully acquire copyrighted material. Numerous courts have endeavored to discuss, in detail, the complex and highly technical nature of the technology that is used to facilitate the illegal sharing of copyrighted material over the Internet. *See*, *e.g.*, *Patrick Collins*, *Inc. v. John Does 1-21*, 282 F.R.D. 161, 162-64 (E.D. Mich. 2012) (providing definitions and explanation of the involved computer science for the "technologically challenged"); *Third Degree Films v. Does 1-36*, Civil Action No. 11-cv-15200, 2012 WL 2522151, at *1-*2 (E.D. Mich. May 29, 2012) (setting forth a detailed analysis of the file sharing process).

A succinct explanation and general overview of the practical operation of the technology is found in *Next Phase Distrib. v. John Does 1-27*, 284 F.R.D. 165 (S.D. N.Y. 2012), wherein the district court observed that:

> the BitTorrent process begins when a user decides to share a file (a "seed") on the Internet. BitTorrent then breaks the seed down into different pieces that can be downloaded in parts by other users ("peers"). Peers can download pieces of the seed from any peer who has already downloaded the entire seed. Once a peer downloads the entire seed, BitTorrent reassembles the pieces so that the peer can view the entire file. Other peers can also begin downloading parts of the seed from the peer who now has the completed file. Through this process, every downloader also becomes an uploader of the transferred file. The peers that share the same seed file, and are downloading and uploading that file to and from each other, are collectively called a "swarm." Each swarm member can be identified by a unique alphanumeric "hashtag" number that accompanies every piece of the seed file.

*Id.* at 167. In the present motion, plaintiff alleges that each John Doe defendant participated in the same swarm by unlawfully appropriating copies of plaintiff's copyrighted motion picture. (Doc. No. 6-1 at 57.) Further, a list of hashtags appended to the complaint shows that the activity of the swarm spanned a period of more than two months. (Doc. No. 1-2 at 18-19.)

## II. PERMISSIVE JOINDER

Because these types of lawsuits implicate legal issues involving the permissive joinder of multiple defendants, courts considering such discovery motions often address the appropriateness of joinder before the members of the alleged swarm have been identified. *See Arista Records*, *LLC v. Does 1-11*, No. 1:07-CV-2828, 2008 WL 4823160, at *4 (N.D. Ohio Nov. 3, 2008) (collecting cases from "various district courts that have decided to reach the joinder issue prior to identification of the doe defendants"); *see*, *e.g.*, *CineTel Films*, *Inc. v. Does* 1-1,052, 853 F. Supp. 2d 545, 549 (D. Md. 2012) (finding enough requisite information at the pleading stage to undertake the joinder analysis). Indeed, plaintiff, itself, raised the issue of joinder in its discovery motion by arguing that all the John Does have been properly joined in one lawsuit. (Doc. No. 6-1 at 56-61.) While the Court concludes that it cannot definitively rule on the issue of joinder at this juncture, it finds it necessary to touch briefly on this issue, as it anticipates that it will be the subject of future pleadings in this matter.

Rule 20 of the Federal Rules of Civil Procedure provides that joinder of defendants is permissible if (1) a "right to relief is asserted against them jointly, severally,

3

or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) a common question of law or fact will arise in the action. Fed. R. Civ. P. 20(a)(2). "Under the [Federal Civil] Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). However, even if the requirements of Rule 20 are met, a district court nevertheless retains considerable discretion to sever defendants if it finds that the objectives of the rule are not fostered, or that joinder would result in prejudice, expense, or delay. *See In re BitTorrent Adult Film Copyright Infringement Cases*, Civil Action Nos. 11-3995, 12-1147, 12-1150, 12-1154, 2012 WL 1570765, at *11 (E.D.N.Y May 1, 2012), *report adopted by*, *Patrick Collins, Inc. v. Doe 1*, 288 F.R.D. 233 (E.D.N.Y. 2012); *Kuechle v. Bishop*, 64 F.R.D. 179, 180 (N.D. Ohio 1974).

Courts are split on the question of whether membership in the same swarm is sufficient to satisfy the requirements of Rule 20. Some courts have found joinder improper for failure to meet the shared transaction requirement of Rule 20, or upon notions of fairness and trial manageability. *See*, *e.g.*, *CineTel Films*, 853 F. Supp. 2d at 550-52 (collecting cases); *Digital Sins, Inc. v. John Does 1-245*, No. 11 Civ. 8170, 2012 WL 1744838, at *2-*4 (S.D.N.Y May 15, 2012); *IO Group, Inc. v. Does 1-435*, No. C 10-4382, 2011 WL 445043, at *3-*6 (N.D. Cal. Feb. 3, 2011); *BMG Music v. Does 1-203*, No. Civ. A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004). Other courts have permitted joinder, based on the theory that the claims are "logically related," and that the collaborative activity of the members of the swarm demonstrates that they

engaged in the same transaction or series of transactions. *See*, *e.g.*, *K-Beech*, *Inc. v. Does 1-31*, Civil Action No. 12 cv 88, 2012 WL 1431652, at *2 (D. Md. Apr. 24, 2012); *Call of the Wild Movie*, *LLC v. Does 1-1,062*, 770 F. Supp. 2d 332, 342-43 (D.D.C. 2011); *Hard Drive Prods.*, *Inc. v. Does 1-55*, No. 11 C 2798, 2011 WL 4889094, at *5 (N.D. Ill. Oct. 12, 2011).[1]

Even within the jurisdiction of the Sixth Circuit, district courts are divided on the subject. *Compare Patrick Collins*, *Inc*, 282 F.R.D. at 167 (finding permissive joinder warranted); *Malibu Media LLC v. John Does 1-28*, Civil Action No. 12-cv-12598, 2012 WL 77448917, at *4 (E.D. Mich. Oct. 31, 2012) (collecting cases and finding joinder of swarm members proper); with *Night of the Templar*, *LLC v. Does 1-24*, No. 1:13-CV-396, 2013 WL 1500454, at *3 (N.D. Ohio Apr. 10, 2013) (finding against joinder and severing defendants); *Safety Point Prods.*, *LLC v. Does 1-14*, *Does 15-96*, *Does 97-177 & Does 178-197*, Nos. 1:12-CV-2812, 1:12-CV-2820, 1:12-CV-2831, 1:12-CV-2894, 2013 WL 1367078, *3 (N.D. Ohio Apr. 4, 2013) (same); *Patrick Collins*, *Inc. v. Does 1-23*, No. 11-CV-15231, 2012 WL 1019034, at *3 (E.D. Mich. Mar. 26, 2012) (finding that BitTorrent swarm theory did not justify Rule 20(a)(2) permissive joinder); *see also Tesuco Holdings Ltd v. Does 1-12*, 3:12-CV-600, 2012 WL 6607894, at *2 (E.D. Tenn. Dec. 18, 2013) (allowing expedited discovery as to identity of all Does who allegedly downloaded plaintiff's copyrighted film without reaching the issue of joinder). The Sixth Circuit has yet to decide the issue, and it is likely that—in the interim—"there

---

[1] The Court could collect hundreds of cases from district courts that have weighed in the issue. It is sufficient to note that the issue is far from settled.

will continue to be disagreement," even amongst the district courts within the boundaries of the Sixth Circuit. *See Malibu Media*, 2012 WL 7748917, at *5.

In *Third Degree Films*, 2012 WL 2522151, the magistrate judge found that the plaintiff had "adequately pled facts satisfying Rule 20(a)(2)(B)." *Id*. at *4. Specifically, the magistrate judge found the existence of common facts and law: (1) that plaintiff had alleged copyright infringement of the same movie; (2) that the same investigation led to the discovery of all of the IP addresses for all of the John Doe defendants, and a discussion of the technology used to identify defendants would be common to all; and (3) that legal standards for direct and contributory copyright infringement would also be common to all. *Id.*

The magistrate judge also determined that the plaintiff had adequately pleaded that each defendant's conduct arose out of the same series of transactions or occurrences. The magistrate judge explained, "each defendant allegedly participated in the same swarm for the same digital encoding of the Work and thereby jointly contributed to the illegal distribution of the Work to others. By undoubtedly uploading to other peers in the swarm, which enabled those peers to upload to still other peers, all 36 Doe Defendants jointly contributed to either growing the swarm or maintaining its existence." *Id.* at *9. *See Patrick Collins*, 282 F.R.D. at 168 (finding that all John Doe defendants participated in the same series of transactions because the fact that "all [were] part of the same swarm demonstrates that they downloaded the Movie through a series of uploads and downloads from the same initial seeder"); *but see Safety Point Prods*., 2013 WL 1367078, at *2 (citing cases and finding that the fact that defendants accessed the swarm "at different times, or on different dates, using different BitTorrent clients . . . .

6

suggest[ed] that Defendants were not wrapped up in a single factual occurrence"). While the magistrate judge noted that the facts surrounding each defendant's alleged participation in the swarm may ultimately reveal that the Rule 20(a)(2)(A) test is not satisfied, she concluded that joinder was proper at this stage in the litigation. *Id*. at *9.

Here, plaintiff has alleged that all of the unknown defendants, "acting in a collective and interdependent manner . . . conspired to and did commit acts of copyright infringement and contributory copyright infringement[,]" and that by participating in the same swarm each defendant "participated in the same transaction, occurrence, or series of transactions or occurrences as at least [one of] the other defendants in the same swarm." (Doc. No. 1, Complaint ¶¶ 3, 4, 7.) After describing the nature of a swarm and the activities of the various members of this particular swarm, the complaint goes on to allege that "many John Doe Defendants . . . acted in concert with other John Doe swarm members and Defendants by linking together globally through use of a Distributed Hash Table." (*Id.* ¶ 17). According to the complaint, each defendant's alleged infringement "built upon the prior infringements, in a cascade of infringement."[2] (*Id*. ¶ 13.) Finally, the complaint alleges that each John Doe defendant's IP address was discovered using the same computer software, which permitted plaintiff's investigator to download the same

---

[2] Specifically, the complaint alleges that:

> Each of the John Does 1-43 performed the same acts . . . [and] also immediately became an uploader, meaning that each Defendant's downloaded pieces were immediately available to other users seeking to obtain the file, without degradation in sound or picture quality. It is in this way that each Defendant copied and distributed the Motion Picture at the same time. Thus, each participated in the BitTorrent swarm as an uploader (distributer) and a downloader (copier) of the illegally transferred file. Here, upon information and belief *many members of the swarm at issue downloaded and uploaded portions of Plaintiff's motion Picture to each other."* (*Id.*¶ 11, emphasis added.)

motion picture from each defendant identified as a consecutively numbered John Does.³ (*Id.* ¶ 7.)

The Court finds that, *at least at this preliminary stage in the litigation*, plaintiff has pleaded sufficient facts to support permissive joinder. *See*, *e.g.*, *Hard Drive Prods.*, *Inc.*, 2011 WL 4889094, at *5 (finding similar factual allegations supported joinder of defendants at the preliminary stage and collecting cases). It is possible, however, that discovery of the specific facts related to each John Doe's individual activity may lead the Court ultimately to conclude that the requirements of Rule 20 have not been met. *See Third Degree Films*, 2012 WL 2522151, at *10 (discovery may demonstrate that the "Rule 20(a)(2)(A) test may not be satisfied" as to all Doe defendants). For now, however, the Court finds that a wait and see approach is appropriate.

Additionally, discovery may reveal that the various John Doe defendants have unique defenses (i.e. the download and upload was facilitated by a defendant's minor child, or the defendant shared a router with another individual who actually participated in the swarm), "thereby adding factual and legal questions that are not common among all the defendants." *Next Phase Distrib.*, 284 F.R.D. at 169; *see*, *e.g.*, *In re BitTorrent Adult Film*, 2012 WL 1570765, at *12 (noting that a "half-dozen" defendants have already raised 'a panoply of individual defenses . . . [which] far outweigh the common questions in terms of discovery, evidence, and effort required")

---

³ The complaint also alleges the existence of the elements of copyright infringement, as plaintiff alleges both the existence of a valid copyright, and infringement of that copyright by defendants (Compl. ¶¶ 5, 29-30). *See Bridgeport Music, Inc. v. WB Music Corp.*, 508 F.3d 394, 398 (6th Cir. 2007) ("Copyright infringement has two elements: "(1) ownership of a valid copyright; and (2) copying of the constituent elements of the work that are original.")

(internal citation omitted). Such defenses may "necessitate[e] a mini-trial to fully present each defendant's specific evidence[,]" *see Night of the Templar*, 2013 WL 1500454, at *3, thereby vitiating any judicial economies that may result from the joint litigation of related parties. At this juncture, however, the Court can only speculate on the possible defenses available to each unknown defendant. *Malibu Media*, *LLC v. John Doe 1-5*, 285 F.R.D. 273, 278 (S.D.N.Y. 2012) ("[W]e agree with those courts that have held that consideration of [individualized defenses of swarm member defendants] is premature at [the pleading] stage of the proceedings.") (citing *Digital Sins v. Does 1-27*, No. 12 civ. 2873, 2012 WL 2036035, at *2 (S.D.N.Y. June 6, 2012)).

The Court is also mindful of the concerns voiced by judicial officers, including a colleague in this judicial district, that some production companies have been "misusing the subpoena powers of the court, seeking the identities of the Doe defendants solely to facilitate demand letters and coerce settlements, rather than ultimately serve process and litigate the claims." *Night of the Templar*, 2013 WL 1500454, at *3 (quoting *Third Degree Films*, 286 F.R.D. at 189-90); *SBO Pictures*, *Inc. v. Does 1-3036*, No. 11-4420, 2011 WL 6002620, at *4 (N.D. Cal. Nov. 30, 2011) ("while the courts favor settlements, filing one mass action in order to identify hundreds of [D]oe defendants through pre-service discovery and facilitate mass settlement, is not what the joinder rules were established for") (internal quotation and citation omitted). Likewise, courts have accused plaintiffs who engage in this litigation of abusing Rule 20 joinder for the purpose of avoiding the payment of thousands of dollars in filing fees that would be required if the actions were brought separately. *See Safety Point*, 2013 WL 1367078, at *3.

Should the Court find that plaintiff has abused the process of joinder, the individual John Doe defendants may be entitled to—in addition to a severance—sanctions from plaintiff, under Rule 11 or 54 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, or the Court's inherent powers. *See Malibu Media*, 2012 WL 7748917, at *9 (noting that John Doe defendants may be able to "collect some of their litigation costs" from plaintiff film company in the event that the copyright infringement action amounted to an abuse of civil process); *Malibu Media LLC v. John Does 1-16*, *John Does 1-14*, *John Does 1-22*, Civil Action Nos. 12-2078, 12-2084, 12-2088, 2012 WL 4717893, at *9 (E.D. Pa. Oct. 3, 2012) ("Although the Court cannot prevent the parties from settling these claims, the Court assumes that [p]laintiff will welcome this opportunity to prove its claims promptly pursuant to the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the copyright laws, which may, if [p]laintiff is successful, lead to an injunction enjoining the practices about which [p]laintiff complains. If [p]laintiff decides instead to continue to 'pick off' individual John Does, for confidential settlements, the Court may draw an inference that [p]laintiff is not serious about proving its claims, or is unable to do so.")) While the Court will not automatically hold plaintiff responsible for the alleged abuses of others in its industry, it will not hesitate to impose sanctions where warranted.

### III.    EXPEDITED DISCOVERY

The Court now turns to plaintiff's motion for expedited discovery. Under Rule 26(d) of the Federal Rules of Civil Procedure, the Court may authorize discovery, prior to the Rule 26(f) conference, upon a showing of good cause. *See Best v. Mobile*

10

*Streams*, *Inc.*, No. 1:12-cv-564, 2012 WL 5996222, at *1 (S.D. Ohio Nov. 30, 2012); *Lemkin v. Bell's Precision Grinding*, No. Civil Action 2:08-cv-789, 2012 WL 5996222, at *2 (S.D. Ohio June 2, 2009). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* (internal quotation and citation omitted).

"Courts typically have found good cause based upon (1) allegations of copyright infringement, (2) the danger that the ISP will not preserve the information sought, (3) the narrow scope of the information sought, and (4) the conclusion that expedited discovery would substantially contribute to moving the case forward." *Best*, 2012 WL 5996222, at *1 (collecting cases) (internal quotation and citation omitted). Moreover, courts specifically "allow discovery to identify Doe defendants." *Arista Records*, *LLC v. Does 1-54*, No. 4:08-CV-1289, 2008 WL 4104563, at *1 (E.D. Mo. Aug. 29, 2008) (collecting cases).

Here, plaintiff has alleged that it will be impossible for it to learn the identities of the unnamed John Does without the requested discovery because the "true names of the Doe defendants are within the custody and control of each Defendant's ISP which maintains billing records associated with each IP address." (Doc. No. 6-1 at 53.) Plaintiff also represents that this information is typically only preserved for a short period of time, and that it has limited its request to the discovery of the name and contact information for each John Doe. (*Id*. at 53; Doc. No. 6-2, Decl. Darren M. Griffin, ¶ 18.)

The Court finds that plaintiff has established good cause for expedited discovery limited to the name and address of John Does 1-43. Plaintiff has demonstrated that it has no other means of obtaining this critical information, and it is clear that if the

11

Court does not permit this discovery on an expedited basis, the information may disappear. *See Arista*, 2008 WL 4104563, at *1 (granting early discovery, and noting that "the information regarding the identity of the IP subscriber is available only for a limited time"); *Digital Sin*, 279 F.R.D. at 241-42 (recognizing that IP data can be lost due to routine deletion by ISPs). Furthermore, it is obvious that this case cannot go forward without the discovery of the actual identities of the John Does, as, without the information, the Rule 26(f) conference can never take place. Finally, the Court finds that plaintiff has sufficiently narrowed the scope of its request to gain only enough information to make it possible to identify and serve its complaint upon the defendants in this case. Therefore, plaintiff's motion for expedited discovery is granted, limited to the discovery of the name and address of each John Doe identified in the complaint.

### IV.  CONCLUSION

In order to protect against the abuses cited in other opinions wherein this issue was addressed, plaintiff is instructed to serve a copy of this Opinion and Order upon every Internet Service Provider who receives a subpoena in connection with this early discovery, as well as upon each John Doe at the time he or she is served with a summons and a copy of the complaint.

**IT IS SO ORDERED**.

Dated: May 3, 2013

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**